SEYMOUR v. HOYT & TABOR.

Practice: STATEMENTS OF JUDGE. Where the judge of the District Court, in connection with the overruling of a motion for a new trial, made on the ground of newly discovered evidence, certifies that such evidence was merely cumulative, such statements of the judge will be accepted as a verity in the absence of the certification of the evidence upon which the case was tried.

*Appeal from Boone District Court.*

FRIDAY, JULY 12.

For facts, see opinion. Defendants appeal.

*John A. Hull* for the appellants.

*Lowrie & Lawrence* for the appellee.

DILLON, J. — But one error is assigned, namely, that the court should have set aside the verdict of the jury against the defendants, and granted them a new trial, on the ground of evidence newly discovered. The action was to recover an alleged balance due, after deducting various payments, upon a sale of two hundred and thirty barrels of apples by plaintiff to defendants. The answer sets up, in substance, that defendants bought the apples before they arrived, upon the representation of the plaintiff that they were sound, good winter apples, etc.; that they were not sound, but largely rotten, etc.; that defendants, when they discovered this, notified plaintiff thereof, and a new contract was entered into by which defendants were to send east, get a cider-mill, make the apples into cider, do the best they could with them, and, deducting expenses, pay the balance to the plaintiff, which, they allege, they have done. The cause was tried by a jury, who returned a verdict for the plaintiff. Defendants made a motion for a new trial, on the ground of newly discovered evidence. That evidence was that they could prove by one Doty that he had heard a conversation between the parties as follows : "Hoyt told Seymour that the apples were not the kind he bought and that he did not care about keeping them. Then Seymour (plaintiff) told Hoyt (defendant) to get a cider mill and make up the poorest of them into cider and do the best he could with them, and that he would make it all right. Hoyt said, if you will make it all right, I will do so; and Seymour agreed to it." Hoyt, in his affidavit, filed with the motion, claimed that he was surprised by the testimony of the plaintiff, denying the alleged new contract. None of the evidence in the cause is preserved by bill of exceptions, or the certificate of the judge.

To this fact is to be added that the court below, in overruling the motion for a new trial, certifies that "Hoyt,

PRACTICE: statements of judges. as a witness on the trial, made no qualification before the jury in regard to the payments of money on the old contract, after the apples were received and examined by the defendants, but admitted that he made the payments on the *old contract;* and the motion for a new trial was overruled, for the reason that the newly discovered evidence was merely cumulative, and tended to contradict the evidence of Hoyt on the trial, and because the evidence claimed to be newly discovered was not in fact such, for the said Doty was examined as a witness for the defendants in the trial of said cause."

The appellants not having seen fit to bring up the evidence in the cause, we must accept, as verity, the statement of the judge of the District Court respecting the testimony of the defendant on the trial, the nature of the question controverted, and that the proposed evidence was merely cumulative, etc.

We would not allow a party to be concluded by such statements on the part of the judge, provided the appellant had furnished us the data by which the judge's opinion might be reviewed and the correctness of his statement tested.

Affirmed.